

**CT Corporation**
**Service of Process Notification**
10/31/2023
CT Log Number 545043808

## Service of Process Transmittal Summary

**TO:** Debra Huerter
General Reinsurance Corporation
120 Long Ridge Rd
Stamford, CT 06902-1843

**RE:** **Process Served in Louisiana**

**FOR:** General Star Indemnity Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WASHINGTON GARDENS, LLC vs. GENERAL STAR INDEMNITY COMPANY |
| **CASE #:** | 847867 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/31/2023 at 09:27 |
| **JURISDICTION SERVED:** | Louisiana |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air<br>Image SOP<br>Email Notification, Debra Huerter dhuerter@genre.com<br>Email Notification, Sarah Kutner sarah.kutner@genre.com<br>Email Notification, Danuta Mszal dmszal@genre.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit "1"



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Oct 31, 2023
**Server Name:** Drop Service

| Entity Served | GENERAL STAR INDEMNITY COMPANY |
|---|---|
| Case Number | 847-867 |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |



[SERVICE COPY] / [RETURN COPY]

(101) CITATION: PETITION FOR BREACH OF CONTRACT ; 231019-1466-3

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

WASHINGTON GARDENS LLC
versus
GENERAL STAR INDEMNITY COMPANY

Case: 847-867 Div: "L"
P 1 WASHINGTON GARDENS LLC

To: GENERAL STAR INDEMNITY COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
3867 PLAZA TOWER DRIVE
BATON ROUGE LA 70816

EBR#035956--$40.44

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR BREACH OF CONTRACT of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney MICHAEL S. FINKELSTEIN and was issued by the Clerk of Court on the 19th day of October, 2023.

/s/ Schlise S Borne
Schlise S Borne, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

SERVICE INFORMATION

(101) CITATION: PETITION FOR BREACH OF CONTRACT ; 231019-1466-3

Received: ________ Served: ________ Returned: ________

Service was made:
___ Personal ___ Domicilary ________

Unable to serve:
___ Not at this address
___ Vacant
___ Moved
___ No such address
___ Other ________
___ Numerous attempts ____ times
___ Received too late to serve
___ No longer works at this address
___ Need apartment / building number

Service: $________ Mileage: $________ Total: $________

Completed by: ________________ # ________
Deputy Sheriff

Parish of: ________________

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO.: 847867** **DIVISION: L**

**WASHINGTON GARDENS, LLC**

**VERSUS**

**GENERAL STAR INDEMNITY COMPANY**

**FILED:** ______________________ ______________________
**DEPUTY CLERK**

**PETITION FOR BREACH OF CONTRACT**

The Petition of **WASHINGTON GARDENS, LLC**, a Louisiana limited liability company registered to do and doing business in Jefferson Parish, Louisiana, respectfully represents that:

1.

Made Defendant herein is **GENERAL STAR INDEMNITY COMPANY**, upon information and belief, an insurance company that is authorized to do and doing business in the State of Louisiana, who is truly and justly indebted unto your Petitioner for the following reasons to-wit:

2.

At all times relevant herein, Petitioner, **WASHINGTON GARDENS, LLC**, has owned the following property ("the Property") and contents located at 2119 Washington Avenue, New Orleans, LA 70113.

3.

At all times relevant hereto, Defendant, **GENERAL STAR INDEMNITY COMPANY,** provided a policy of insurance, bearing Policy Number IAG966577F ("the Policy"), issued to **WASHINGTON GARDENS, LLC**, that was in full force and effect and covered the Property at issue and the contents therein against losses sustained. Defendant placed a valuation upon the covered Property and the contents therein and used this valuation for purposes of determining the premium charge to be made under the Policy at issue.

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:1 of 12 - Jefferson Parish Clerk of Court - ID:23148065

4.

Venue is proper in this Court pursuant to article 76 of the Louisiana Code of Civil Procedure as Plaintiff is domiciled in Jefferson Parish.

5.

On or about October 21, 2022, damages to the buildings at the premises were sustained involving a fire as a result of a covered causes of loss under the policy, including, but not limited to fire, water, smoke, theft, vandalism, and/or other covered causes of loss.

6.

On or about October 21, 2022, **WASHINGTON GARDENS, LLC**, reported the issue to its insurance agent.

7.

On or about October 26, 2022, **WASHINGTON GARDENS, LLC**, reported the issue to **GENERAL STAR INDEMNITY COMPANY**, which opened a claim regarding the matter, which was assigned claim number G10067416 ("the Claim" or "the Insurance Claim").

8.

On or about December 9, 2022, **GENERAL STAR INDEMNITY COMPANY**, through its adjuster Jacquetta Owens, issued a Reservation of Rights Letter ("ROR") relating to damages sustained in the fire. The letter notes:

> "Engle Martin & Associates ("Engle Martin") has also been retained to serve as an independent adjuster for this matter." (pg. 1)
>
> "Envista Forensics was retained to perform a cause and origin evaluation which has not yet been completed." (pg. 2)

9.

Plaintiff hired Property Damage Consultants, LLC, to inspect the property and issue an adjustment of the loss relating to the Property. The inspection occurred on December 29, 2022 and found a Replacement Cost Value (RCV) of $1,316,277.53.

10.

On or about February 17, 2023, Engle Martin issued a report to GenStar with Xactimate estimating loss at $126,491.28, minus a deductible of $25,000.00 yielding a claim for $101,491.28

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:2 of 12 - Jefferson Parish Clerk of Court - ID:23148065

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

(inclusive of $23,549.11 of recoverable depreciation). No amount of money has ever been paid by GenStar relating to the loss as of the date of this filing.

11.

Moreover, Defendant's adjusters failed to inspect or account for other units damaged by a clear fire, water, smoke event with vandalism and theft occurring shortly after from a occupied unit. The adjusters negligently failed to account and adjust for exterior elements and building systems damaged by this event.

12.

The Property and contents therein were significantly damaged by and suffered a diminution in value because of the fire. This significant damage to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

13.

Plaintiff's contact with his insurer constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, LA Rev. Stat. § 22:1892 and §22:1973.

14.

Defendant's adjustment of the Claim was unreasonably slow, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs and stop further damage, which included but was not limited to failure to turn over reports, tender payments, and adjust the loss.

15.

Defendant's failure to pay the claim has caused additional damages, including but not limited to the inability to rent the premises and the need to replace items which could or would have been repairable and are now needing to be fully replaced.

16.

As a result of Defendant refusing and/or failing to adjust the Claim timely and fairly, an expert was retained to inspect the Property and to document and estimate Property Damage and/or the Claim.

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:3 of 12 - Jefferson Parish Clerk of Court - ID:23148065

17.

On March 3, 2023, undersigned counsel sent Defendant its first proof of loss including a request for the release of unconditional tenders, as well as other supporting documentation, demonstrating the losses outlined therein, and constituting satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

18.

Despite receiving this satisfactory proof of loss, Defendant has yet to tender adequate insurance proceeds.

19.

Plaintiff has attempted to recover the full value of their covered damages and/or insurance proceeds due from Defendant to no avail.

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property and additional cost, mental pain and anguish, rents, and general and/or special damages to Petitioner and/or its principals.

20.

Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted intentionally and/or negligently when it:

A. Failed to timely tender proceeds due after having received satisfactory proof of loss;
B. Misrepresented the terms and conditions of the Policy at issue;
C. Conducted the investigation and claims handling in bad faith;
D. Failed to adequately pay for losses as required by the Policy; and/or
E. Any other acts or omissions of bad faith which may be determined during the discovery in this matter.

21.

Plaintiff has incurred additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:4 of 12 - Jefferson Parish Clerk of Court - ID:23148065



22.

Plaintiff has incurred professional expenses, including expert and attorney's fees, to prove that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

23.

Plaintiff and/or its principals have sustained and continue to sustain mental anguish and inconvenience because Defendant failed to timely pay for losses due under the Policy and/or to take measures to prevent the fire for the Claim at issue.

24.

Plaintiff has incurred and will continue to incur lost rents as a result of the damages caused to the Property, including those additional lost rents/revenues/business income that will be incurred during additional repair of the Property.

25.

Defendant's failure to pay the claim has caused additional damages, including but not limited to additional legal costs to defend and/or pay city citations and/or the loan/note on the Property due to insurance company's failure to process and time pay the claim, including damages from any foreclosure and/or civil penalty and damages to reputation and/or goodwill.

**BREACH OF INSURANCE CONTRACT**

26.

All allegations contained in this Petition are hereby adopted and re-alleged by reference made thereto as if copied in their entirety herein.

27.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

28.

At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage and/or the Claim at issue herein.

24th E-Filed: 10/09/2023 12:07 Case:847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:5 of 12 - Jefferson Parish Clerk of Court - ID:23148065



29.

Upon information and belief, Defendant breached the Policy and/or insurance contract by intentionally and/or negligently:

A. Failing to timely tender proceeds due after having received satisfactory proof of loss;

B. Misrepresenting the terms and conditions of the Policy at issue;

C. Conducting the investigation and claims handling in bad faith;

D. Failing to adequately pay for losses as required by the Policy; and

E. Any other acts or omissions of bad faith which may be determined during the discovery in this matter.

30.

Plaintiff has suffered and continues to suffer general, special, and/or consequential damages because of Defendant's breaches of the insurance contract.

**BAD FAITH**

31.

All allegations contained in this Petition are hereby adopted and re-alleged by reference made thereto as if copied in their entirety herein.

32.

The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

33.

Under La. R.S. § 22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:6 of 12 - Jefferson Parish Clerk of Court - ID:23148065

34.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

35.

La. R.S. § 22:1892 imposes bad faith penalties on an insurer who fails to adequately pay claims following satisfactory proof of loss within thirty (30) days, or fails to make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

36.

Defendant is in violation of La. R.S. § 22:1973 and §22:1892 for failing to provide Plaintiffs adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiffs provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

37.

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

38.

Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously:

A. Failing to timely tender proceeds due after having received satisfactory proof of loss;

B. Misrepresenting the terms and conditions of the Policy at issue;

C. Conducting the investigation and claims handling in bad faith;

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:7 of 12 - Jefferson Parish Clerk of Court - ID:23148065



D. Failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statute;

E. Failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim; and

F. Any other acts or omissions of bad faith which may be determined during the discovery in this matter.

39.

Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

40.

Plaintiff has suffered and continues to suffer general, special, and/or consequential damages because of Defendant's bad faith.

**DAMAGES**

41.

All allegations contained in this Petition are hereby adopted and re-alleged by reference made thereto as if copied in their entirety herein.

42.

Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories:

A. Breach of contract;

B. Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:8 of 12 - Jefferson Parish Clerk of Court - ID:23148065



adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, loss of use/rents/business income, mental anguish, inconvenience, and the incurrence of professional and/or expert fees; and/or

C. Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

43.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following, non-exclusive damages:

A. Diminution of the value of the Property;

B. Underpayment and/or delayed payment of covered damages/repair costs;

C. Actual repair costs, temporary repair costs, as well as increased repair costs;

D. Lost rent/business income;

E. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973;

F. Mental anguish, suffering, and/or inconvenience;

G. Attorneys' fees, other professional fees, and litigation costs associated with the claim and bringing of this action;

H. Progressive and continuing property damages;

I. Other general, special and/or consequential damages; and,

J. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, **WASHINGTON GARDENS, LLC** respectfully requests that the Defendant, **GENERAL STAR INDEMNITY COMPANY**, be served with a copy of this Petition, and that after all legal delays, it be required to answer same and after all proceedings there be Judgment in Plaintiff's favor and against Defendant, for all amounts commensurate with Plaintiff's damages, in such sums the Court deems just, together with legal interest, costs, and all

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:9 of 12 - Jefferson Parish Clerk of Court - ID:23148065

general and equitable relief allowed. Further, Plaintiff prays for relief and judgment against the Defendant as follows:

A. Compensatory, general, and/or contractual damages;

B. Consequential and/or special damages, including but not limited to those incurred as a result of Defendant's bad faith;

C. Penalties as a result of Defendant's bad faith;

D. Attorneys' fees as a result of Defendant's bad faith;

E. Prejudgment interest at the highest lawful rate allowed by law;

F. Interest on the judgment at the highest legal rate from the date of judgment until collected;

G. Lost rent/business income;

H. Mental anguish, suffering, and inconvenience;

I. All expenses and costs of this action; and

J. Such further relief as this Court deems necessary, just, and proper.

Respectfully submitted:

*ALVENDIA, KELLY & DEMAREST, LLC*

**J. BART KELLY III, 24488**
**RODERICK "RICO" ALVENDIA, 25554**
**JEANNE K. DEMAREST, 23032**
**KURT A. OFFNER, 28176**
**JENNIFER L. KUECHMANN, 36886**
**CASSIE PRESTON GAILMOR, 33319**
**ISABEL C. GIBSON, 40607**
**MICHAEL FINKELSTEIN, 35476**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
p. 504.200.0000
f. 504.200.0001
bart@akdlalaw.com
rico@akdlalaw.com
jeanne@akdlalaw.com
kurt@akdlalaw.com
jenniferk@akdlalaw.com
cassie@akdlalaw.com
isabel@akdlalaw.com

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:10 of 12 - Jefferson Parish Clerk of Court - ID:23148065

michael@akdlalaw.com

*Attorneys for Plaintiff, Washington Gardens, LLC*

**PLEASE SERVE:**
**GENERAL STAR INDEMNITY COMPANY**
Through its Registered Agent for Service of Process
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

Additionally, undersigned is serving a copy of the foregoing at the following address via the Louisiana Long-Arm Statute:
**GENERAL STAR INDEMNITY COMPANY**
Via its Corporate Secretary
Attention: Legal Department
120 Long Ridge Road
Stamford, CT 06902-1843

24th E-Filed: 10/09/2023 12:07 Case: 847867 Div:L Atty:035476 MICHAEL S FINKELSTEIN

JON A. GEGENHEIMER

10/16/2023 15:23:21 CERTIFIED TRUE COPY - Pg:11 of 12 - Jefferson Parish Clerk of Court - ID:23148065