UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WASHINGTON GARDENS, LLC                    CIVIL ACTION

VERSUS                                      NO. 23-7088

GENERAL STAR INDEMNITY COMPANY              SECTION M (3)

## ORDER & REASONS

Before the Court is a motion for declaratory judgment and to strike related affirmative defenses filed by plaintiff Washington Gardens, LLC ("Washington Gardens").[1] Defendant General Star Indemnity Company ("General Star") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion as procedurally improper.

**I.     BACKGROUND**

Washington Gardens owns a blighted apartment complex in New Orleans, Louisiana, that was insured by General Star. According to Washington Gardens, the property was damaged by fire on October 21, 2022, and General Star has refused to pay the claim despite receiving a satisfactory proof of loss.[3] Washington Gardens filed this suit in state court seeking damages for General Star's alleged breach of contract, along with bad-faith penalties under La. R.S. 22:1892 and 22:1973.[4] General Star contests liability, asserting that the loss is not covered because the property was abandoned when the fire occurred and it was caused by an excluded event, namely,

---

[1] R. Doc. 16.
[2] R. Doc. 17.
[3] R. Doc. 1-2 at 1-14.
[4] *Id.*

vandalism.[5] General Star removed the action.[6] This Court issued a scheduling order setting April 5, 2024, as the deadline to amend pleadings and September 30, 2024, as the discovery deadline.[7] Trial is set to commence on October 28, 2024.[8]

## II.   PENDING MOTION

Washington Gardens filed the instant motion for a declaratory judgment and to strike related affirmative defenses seeking a declaration that the loss is not excluded by the policy language.[9] According to Washington Gardens, to exclude coverage, General Star would have to prove that the property was vacant for at least 60 days prior to the fire and that the property was damaged by vandalism.[10] Washington Gardens also contends that the policy does not exclude fire caused by vandalism and that General Star cannot prove that the fire was started by vandalism.[11]

In opposition, General Star argues that Washington Gardens's motion for a declaratory judgment is procedurally improper because Washington Gardens did not plead a declaratory-judgment claim in its complaint and the time to amend pleadings has passed.[12] General Star also argues that Washington Gardens's motion seeks a premature adjudication on a coverage defense when discovery is ongoing and there are disputed issues of material fact regarding the cause of the fire.[13]

## III.   LAW & ANALYSIS

"The [Declaratory Judgment Act ('DJA')] creates a remedy under which 'any court, upon the filing of an *appropriate pleading*, may declare the rights and other legal relations of any

---

[5] R. Doc. 17 at 2-5.
[6] R. Doc. 1.
[7] R. Doc. 11 at 1-2.
[8] *Id.* at 4.
[9] R. Doc. 16.
[10] R. Doc. 16-1 at 3-11.
[11] *Id.*
[12] R. Doc. 17 at 5-6.
[13] *Id.* at 7-12.

2

interested party seeking such declaration.'" *SEC v. Novinger*, 96 F.4th 774, 780 (5th Cir. 2024) (quoting 28 U.S.C. § 2201(a)) (emphasis original). Rule 57 correspondingly establishes that the Federal Rules of Civil Procedure apply to the DJA. *Id.* (quoting Fed. R. Civ. P. 57 in part as providing that a "court may order a speedy hearing of a declaratory-judgment *action*"). Rule 7(a) of the Federal Rules of Civil Procedure defines pleadings as: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Rule 7(b), on the other hand, separately and distinctly addresses motions. Fed. R. Civ. P. 7(b). Applying the distinction between pleadings as defined in Rule 7(a), and motions as addressed in Rule 7(b), the Fifth Circuit held in *SEC v. Novinger* that "a motion for declaratory judgment does not lie where the action is not, itself, for a declaratory judgment." 96 F.4th at 783. "Requests for declaratory judgment are not properly before the court if raised only by motion." *Id.* at 780 (alterations and quotation omitted). In short, such motions are procedurally improper. Instead, "[t]o obtain a declaratory judgment, [a party] must either file a separate action seeking such relief, or move to amend [its] complaint." *Id.* at 780-81 (quotation omitted).

Washington Gardens did not plead a claim under the DJA in its complaint, and the time to amend the pleadings has long since passed. Thus, Washington Gardens's motion for a declaratory judgment is not properly before the Court and must be denied. Moreover, even if this Court were to construe the motion as one for summary judgment, it would fail at this juncture because Washington Gardens has not complied with Local Rule 56.1 which requires a summary-judgment motion to "be accompanied by a separate and concise statement of the material facts which the

3

moving party contends present no genuine issue." Further, there appear to be contested issues of material fact that would preclude summary judgment in any event.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Washington Gardens's motion for declaratory judgment and to strike affirmative defenses[14] (R. Doc. 16) is DENIED.

New Orleans, Louisiana, this 5th day of September, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[14] In its motion, Washington Gardens also seeks to strike unspecified defenses raised by General Star. The motion seeks a declaration that its interpretation of the policy precludes General Star from raising certain defenses. In this way, the disposition of the motion to strike is dependent upon the Court's ruling on Washington Gardens's motion for a declaratory judgment. Because the declaratory-judgment motion is procedurally improper, the Court must also deny Washington Gardens's motion to strike.